[No. 26794.   Department One.   October 13, 1937.]

THE STATE OF WASHINGTON, *Appellant*, v. H. R. KNIZEK, *Respondent*.[1]

*Paul O. Manley*, for appellant.

*Lynwood W. Fix* and *Edward A. Clifford*, for respondent.

BLAKE, J.—The defendant was charged with the crime of burglary in the second degree. His mother, Mrs. Zane Hayes, posted a five hundred dollar cash bail to obtain his release pending the calling of his case for trial. The defendant failing to appear on the date of trial, the court, on June 22, 1936, made and entered an order forfeiting the bail. Thereafter, on May 3, 1937, the defendant having been apprehended and

[1]Reported in 72 P. (2d) 310.

taken into custody, the court, on petition of Mrs. Hayes filed in the cause, entered an order vacating the order of forfeiture entered June 22, 1936. From the order so entered on May 3, 1937, the state gave notice of appeal on May 10, 1937.

█ The respondent has interposed a motion to dismiss the appeal on the ground that the notice was not timely served and filed under Court Rule XVII, relating to "Appellate Procedure in Criminal Cases," 178 Wash. xxxvii. The rule provides:

"In criminal cases, in order to initiate an appeal, notice of such appeal to the supreme court shall be given in open court at the time of, or written notice of appeal shall be served upon the prevailing party and filed in the office of the clerk of the superior court within five days after the entry of, judgment or order from which the appeal is taken."

Appellant urges that the order of May 3, 1937, does not pertain to the criminal phases of the case, but that it is an adjudication of a civil character. The argument follows that, the order being of a civil character, the rule relating to appeal in civil cases is applicable.

We do not think rule XVII susceptible of the suggested limitation. To emphasize the requirement of the rule, we may quote again the portion of the rule pertinent to the record in this case:

"*In criminal cases* . . . notice of appeal shall be served . . . and filed . . . within five days after the entry of, judgment *or order* from which the appeal is taken." (Italics ours.)

The rule does not take into account the character of the order entered. It applies to all orders entered in *criminal cases*. The order from which the appeal was taken having been entered in a criminal case, the notice of appeal was not timely served and filed.

Appeal dismissed.

MAIN, HOLCOMB, and SIMPSON, JJ., concur.

STEINERT, C. J. (concurring in the result)—I do not agree with the theory on which the opinion of the majority is written, but concur in the result upon the ground that the trial court did not abuse its discretion, under the circumstances involved, in vacating the order of forfeiture.